J-S50023-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| MARY BETH BEAL, | : | |
| | : | |
| Appellant | : | No. 145 WDA 2014 |

Appeal from the PCRA Order Entered January 21, 2014,
In the Court of Common Pleas of Fayette County,
Criminal Division, at No. CP-26-CR-0002000-2011.

BEFORE:  FORD ELLIOTT, P.J.E., SHOGAN and ALLEN, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 06, 2014**

Appellant, Mary Beth Beal, appeals from the order denying her petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

We summarize the history of this case as follows.  On September 9, 2011, Appellant, at gunpoint, forced Justin Colbert out of the car that he was driving.  Mr. Colbert testified that, although he was not the owner of the vehicle, he had permission from the vehicle owner, Brian Miller, to use the car at the time of the incident.  Mr. Colbert testified that Appellant took his money and cell phone when she forced him out of the car.  State Trooper Barnhart testified that the automobile was never recovered.

On February 7, 2012, following a jury trial, Appellant was convicted of theft by unlawful taking in relation to the theft of the car, $400 in cash, and the cell phone from Mr. Colbert. On February 8, 2012, the trial court sentenced Appellant to serve a term of incarceration of fourteen to twenty-eight months, with credit for time served.

Appellant filed a direct appeal, and this Court affirmed the judgment of sentence on September 12, 2012. *Commonwealth v. Beal*, 336 WDA 2012, 60 A.3d 850 (Pa. Super. filed September 12, 2012) (unpublished memorandum). Our Supreme Court denied Appellant's petition for allowance of appeal on February 13, 2013. *Commonwealth v. Beal*, 63 A.3d 772 (Pa. 2013).

On March 7, 2013, Appellant filed the instant *pro se* PCRA petition. PCRA counsel was appointed to represent Appellant and filed an amended PCRA petition. The PCRA court held a hearing on August 22, 2013. On January 21, 2014, the PCRA court entered an order denying PCRA relief. This timely appeal followed.[1]

Appellant presents the following issues for our review:

---

[1] We note that on August 14, 2014, this Court entered an order directing the PCRA court to make a determination regarding whether Appellant is currently in custody for purposes of the PCRA in the above-captioned case, and, if so in custody, to specify when Appellant's custody is expected to expire. The PCRA court responded *via* an order dated August 25, 2014, in which the PCRA court explained that Appellant is currently in custody, and her sentence will expire on March 22, 2016.

> 1. WAS TRIAL COUNSEL INEFFECTIVE FOR FAILING TO PRESENT THE APPELLANT'S ALIBI WITNESS, CARLOS GONZALES, TO TESTIFY AT TRIAL?
>
> 2. WAS TRIAL COUNSEL INEFFECTIVE AND DID THE COURT ERR WHEN THE COURT FAILED TO CONDUCT A COLLOQUY WITH THE APPELLANT WHICH INFORMED HER OF HER RIGHT TO TESTIFY IN HER CASE?

Appellant's Brief at 5.

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

In order to succeed on a claim of ineffective assistance of counsel, an appellant must demonstrate (1) that the underlying claim is of arguable merit; (2) that counsel's performance lacked a reasonable basis; and (3) that the ineffectiveness of counsel caused the appellant prejudice. *Commonwealth v. Pierce*, 786 A.2d 203, 213 (Pa. 2001).

We have explained that trial counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*). Moreover, with regard to the second

prong, we have reiterated that trial counsel's approach must be "so unreasonable that no competent lawyer would have chosen it." **Commonwealth v. Ervin**, 766 A.2d 859, 862-863 (Pa. Super. 2000) (quoting **Commonwealth v. Miller**, 431 A.2d 233 (Pa. 1981)).

> Our Supreme Court has long defined "reasonableness" as follows:
>
> > Our inquiry ceases and counsel's assistance is deemed constitutionally effective once we are able to conclude that the particular course chosen by counsel had *some reasonable* basis designed to effectuate his client's interests. The test is not whether other alternatives were more reasonable, employing a hindsight evaluation of the record. Although weigh the alternatives we must, the balance tips in favor of a finding of effective assistance as soon as it is determined that trial counsel's decision had any reasonable basis.

**Commonwealth v. Pierce**, 527 A.2d 973, 975 (Pa. 1987) (quoting **Com. ex rel. Washington v. Maroney**, 235 A.2d 349 (Pa. 1967)) (emphasis in original).

In addition, we are mindful that prejudice requires proof that there is a reasonable probability that, but for counsel's error, the outcome of the proceeding would have been different. **Pierce**, 786 A.2d at 213. "A failure to satisfy any prong of the ineffectiveness test requires rejection of the claim of ineffectiveness." **Commonwealth v. Daniels**, 963 A.2d 409, 419 (Pa. 2009) (citing **Commonwealth v. Sneed**, 899 A.2d 1067 (Pa. 2006)). Thus, when it is clear that an appellant has failed to meet the prejudice prong of an ineffective assistance of counsel claim, the claim may be disposed of on that basis alone, without a determination of whether the first two prongs

have been met. ***Commonwealth v. Baker***, 880 A.2d 654, 656 (Pa. Super. 2005).

It is presumed that the petitioner's counsel was effective, unless the petitioner proves otherwise. ***Commonwealth v. Williams***, 732 A.2d 1167, 1177 (Pa. 1999). We are bound by the PCRA court's credibility determinations where there is support for them in the record. ***Commonwealth v. Battle***, 883 A.2d 641, 648 (Pa. Super. 2005) (citing ***Commonwealth v. Abu-Jamal***, 720 A.2d 79 (Pa. 1998)).

Furthermore, claims of ineffective assistance of counsel are not self-proving. ***Commonwealth v. Wharton***, 811 A.2d 978, 986 (Pa. 2002). "[A] post-conviction petitioner must, at a minimum, present argumentation relative to each layer of ineffective assistance, on all three prongs of the ineffectiveness standard…." ***Commonwealth v. D'Amato***, 856 A.2d 806, 812 (Pa. 2004). "[A]n underdeveloped argument, which fails to meaningfully discuss and apply the standard governing the review of ineffectiveness claims, simply does not satisfy Appellant's burden of establishing that he is entitled to relief." ***Commonwealth v. Bracey***, 795 A.2d 935, 940 n.4 (Pa. 2001).

In her first claim, Appellant argues that her trial counsel was ineffective for failing to call an alibi witness. Specifically, Appellant contends that her trial counsel should have called Carlos Gonzales, who would have

testified that Appellant was collecting her paycheck at the restaurant owned by Mr. Gonzales on the morning of the crime.

As our Supreme Court has explained:

> It is undoubtedly true that a defense attorney's failure to investigate potentially meritorious defenses or failure to interview witnesses whose testimony could prove beneficial and exculpatory can constitute ineffective assistance of counsel if no reasonable basis exists for counsel's failure. **E.g.**, **Commonwealth v. Mabie**, 467 Pa. 464, 359 A.2d 369 (1976). However, the value of a particular defense or witness' testimony is not judged abstractly in the vacuum of what might have been but in the reality of what is; accordingly, the defendant must sustain his burden of proving how the "road not taken" or the testimony of the uninterviewed witness would have been beneficial under the facts and circumstances of his case. **Commonwealth v. Anderson**, **supra**, 501 Pa. 287-288 at 461 A.2d 214; **Commonwealth v. Leonard**, 499 Pa. 357, 453 A.2d 587 (1982); **Commonwealth v. McKenna**, 498 Pa. 416, 446 A.2d 1274 (1982).

**Commonwealth v. McNeil**, 487 A.2d 802, 806 (Pa. 1985).

Moreover, to prevail on a claim of trial counsel's ineffectiveness for failure to call a witness, an appellant must prove:

> "(1) the witness existed; (2) the witness was available; (3) trial counsel was informed of the existence of the witness or should have known of the witness's existence; (4) the witness was prepared to cooperate and would have testified on appellant's behalf; and (5) the absence of the testimony prejudiced appellant."

**Commonwealth v. Chmiel**, 889 A.2d 501, 545-546 (Pa. 2005) (citations omitted). Trial counsel's failure to call a particular witness does not constitute ineffective assistance without some showing that the absent

witness's testimony would have been beneficial or helpful in establishing the asserted defense. *Id*. Thus, Appellant must demonstrate how the testimony of the foregone witness would have been beneficial under the circumstances of the case. *Id*.

In addressing this issue, the PCRA court stated the following:

Carlos Gonzales was also called as a PCRA witness on [Appellant's] behalf, and told the [PCRA] Court that he met with [Appellant] at his restaurant in Connellsville on the date of the crime, September 9, 2011, at some time between 9:30 A.M. and 10:00 A.M. [N.T., 8/22/13,] 18. As stated by the District Attorney, Jack Heneks, without objection during his cross-examination of Mr. Gonzales, the crime occurred about 11:30 A.M., and it does not take one hour and fifteen minutes to travel from Connellsville to Uniontown. *Id*. p. 21. . . .

Attorney David Kaiser testified in rebuttal of [Appellant's] testimony that there was nothing in his office file to indicate that [Appellant] had an alibi defense. *Id*. p. 23. He could not remember whether [Appellant] had mentioned such a defense to him prior to trial, in any event, Attorney Kaiser testified that Mr. Gonzales['] testimony would not have provided an alibi for [Appellant] because the crime occurred between 11:00 A.M. and 11:20 A.M. in a parking lot on Gallatin Avenue, Uniontown, a distance of eight or nine miles from Mr. Gonzales's restaurant, with a driving time of twenty minutes. *Id*. p. 29. The Court finds Attorney Kaiser's testimony to be credible, this Court having personal knowledge of the driving time and distance between Connellsville and Uniontown. *Id*. p. 30.

PCRA Court Opinion, 1/21/14, at 2-3.

After review of the certified record before us on appeal, we agree with the PCRA court that Appellant has failed to establish that trial counsel was ineffective in handling the defense. Our review of the record reflects that

Mr. Gonzales testified at Appellant's PCRA hearing, and he explained that Appellant came to his restaurant between 9:30 a.m. and 10:00 a.m. on the morning of the incident. N.T., 8/2/13, at 18, 20. Specifically, he stated that Appellant stayed at the restaurant for about thirty minutes and left about 10:00 a.m. *Id*. at 18, 20, 21. In addition, Mr. Gonzales agreed that it does not take an hour and one-half to travel from his restaurant to the area of the crime. *Id*. at 21. Likewise, trial counsel testified at the PCRA hearing that the incident in question occurred between 11:00 a.m. and 11:20 a.m. *Id*. at 29. Trial counsel further testified that the distance from the restaurant owned by Mr. Gonzales to the scene of the crime was approximately eight or nine miles, with a driving time of twenty minutes. *Id*. Also, trial counsel agreed that if Appellant left the restaurant at 10:00 a.m., she could have been in the vicinity of the crime scene between 10:20 and 10:30 a.m. *Id*. at 30. This conclusion is supported by the PCRA court, which made the following observation during the PCRA hearing:

> Connellsville to Uniontown is eleven miles. I drive it every day.
> So depending on traffic and red lights, it's a twenty to twenty-
> five minute drive.

*Id*.

Hence, the record supports the PCRA court's determination that the proffered testimony was not helpful to the defense. Accordingly, we conclude that Appellant has failed to establish that trial counsel was

ineffective for failing to call Mr. Gonzales as an alibi witness. Thus, this claim lacks merit.

Appellant next argues that trial counsel was ineffective concerning Appellant's decision not to testify at trial. Appellant asserts that trial counsel was ineffective for failing to properly inform her of her right to testify on her own behalf and the consequences of waiving that right. In fact, Appellant baldly alleges that her counsel failed to inform her that she had the right to testify. Appellant's Brief at 10.

Regarding the right to testify on one's own behalf, our Supreme Court has long explained the following:

> the decision to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to call the appellant to the stand, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

***Commonwealth v. Carson***, 741 A.2d 686, 699 (Pa. 1999) (citations omitted).

In addition, we observe that a defendant must demonstrate that he or she was prejudiced by counsel's omission. ***Commonwealth v. Alderman***, 811 A.2d 592 (Pa. Super. 2002). In ***Alderman***, this Court stated the following:

> Aside from his bald allegation that counsel never informed Appellant of his right to testify, Appellant has offered no proof to

-9-

support this claim. In any event, assuming that counsel failed to so inform Appellant, we conclude that Appellant has failed to show that counsel's alleged omission prejudiced Appellant. Specifically, Appellant has failed to articulate what testimony he would have given had he testified at trial. Aside from baldly stating that he would have refuted the charges, Appellant fails to indicate precisely how he would have done so. Without an offer of proof, Appellant has failed to demonstrate how his failure to testify resulted in a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

*Id*. at 596 (footnote and citations omitted).

With regard to this claim of ineffective assistance, the PCRA court

offered the following pertinent discussion:

At the PCRA hearing, [Appellant] testified that she was not called to testify in her own behalf and had no colloquy which advised her that she had the right to do so. N.T. PCRA Proceedings, August 22, 2013, p. 9. . . .

Under cross-examination, [Appellant] conceded that she knew she had a right to testify at this trial, and understood that trial counsel advised against doing so because she had a prior conviction for theft by unlawful taking, the same charge she was then facing, and the jury would likely hear about the previous conviction. *Id*. pp. 10-11. . . .

As for [Appellant's] claim that she was denied her right to testify at trial when she wanted to do so, Attorney Kaiser provided credible testimony that he advised Petitioner of her absolute right to testify at trial in this case, *Id*. p. 24, and discussed the pros and cons with her. *Id*. Counsel said that he told her the Commonwealth's case against her was thin, and he was concerned that her prior conviction for theft by unlawful taking would work against her. *Id*. pp. 24-26. The Court finds that Attorney Kaiser was credible when he testified that he told Petitioner she had an absolute right to testify in her own behalf, and even though he did not think it was a good idea to do so, the decision was hers, and it was her choice to not testify. *Id*. pp. 24-25.

In light of the foregoing summary of the hearing evidence and related discussion of [Appellant's] issues, the Court finds that [Appellant] has failed to meet her burden to prove that any ineffective assistance occurred. Counsel ably testified that he had a reasonable trial strategy in advising [Appellant] that it was not in her best interest to testify at trial on her own behalf, . . . [Appellant] herself stated that she was aware of her right to take the stand and understood counsel's reason for advising her against doing so. The Court specifically finds that the decision to not testify was [Appellant's] alone.

PCRA Court Opinion, 1/21/14, at 2-4. Likewise, it is our determination that the PCRA court properly concluded that Appellant's claim of ineffective assistance of trial counsel with regard to Appellant's failure to testify lacks merit.

Finally, Appellant sets forth an argument asserting that the trial court erred in failing to colloquy Appellant regarding her right to testify. However, this claim lacks merit. Case law is clear that a colloquy of a defendant who does not testify is not legally required. *Commonwealth. v. Duffy*, 832 A.2d 1132, 1137 n. 3 (Pa. Super. 2003); *Commonwealth v. Todd*, 820 A.2d 707, 712 (Pa. Super. 2003). Thus, the assertion that the trial court committed an error requiring a new trial fails and must be rejected.

Order affirmed.

Judgment Entered.

-11-

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/6/2014</u>