**COMMONWEALTH of Pennsylvania,**
**Appellee,**

v.

**David ALDERMAN, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 9, 2002.
Filed Nov. 13, 2002.

as to whether [Appellant] passed or failed the tests." Findings of Fact and Conclusions of Law, 10/17/01 at ¶ 7.

Peter A. Levin, Philadelphia, for appellant.

Catherine L. Marshall, Asst. Dist. Atty., Philadelphia, for Commonwealth, appellee.

Before: STEVENS, BENDER, and OLSZEWSKI, JJ.

STEVENS, J.

¶ 1 This is an appeal from the order entered in the Court of Common Pleas of Philadelphia County denying Appellant's first petition filed under the Post–Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546. Herein, Appellant raises various allegations of ineffective assistance of trial counsel. We affirm.

¶ 2 The relevant facts and procedural history are as follows: Following an incident involving a twelve-year-old girl, Appellant, represented by Assistant Public Defender Peter L. Maas, was convicted on September 24, 1997 of rape,[1] statutory rape,[2] sexual assault,[3] and corrupting the morals of a minor.[4] Still represented by Attorney Maas, Appellant proceeded to a hearing and, on January 28, 1998, Appellant was sentenced to an aggregate of seven and one-half to seventeen years in prison. Thereafter, Assistant Public Defender John Packel filed a direct appeal on Appellant's behalf, alleging that the trial court erred in precluding Appellant from presenting a closing argument at his bench trial. We affirmed by memorandum filed on April 23, 1999. Appellant filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which was denied on September 28, 1999.

¶ 3 On June 15, 2000, Appellant filed a timely *pro se* PCRA petition, and the PCRA court appointed Peter A. Levin, Esquire, to represent Appellant. Attorney Levin filed an amended PCRA petition, and on August 21, 2001, the PCRA court filed a notice of intent to dismiss. On September 26, 2001, the PCRA court denied Appellant's PCRA petition, and this timely appeal followed. The PCRA court did not order Appellant to file a statement pursuant to Pa.R.A.P.1925(b), and no such statement was filed. However, the PCRA court filed an opinion.

¶ 4 Appellant raises various claims regarding trial counsel's representation. Specifically, Appellant contends that trial counsel was ineffective in (1) failing to object to the DNA (deoxyribonucleic acid) analysis concerning semen retrieved from the victim's vagina, the victim's underwear, and Appellant's bed sheet since the analysis was irrelevant and unduly prejudicial,[5] and (2) failing to advise Appellant of his right to testify on his own behalf at trial.[6]

Our review of a PCRA court's grant or denial of relief is limited to examining whether the court's determination is supported by the evidence and whether it is free of legal error. This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding.

---

1. 18 Pa.C.S.A. § 3121.

2. 18 Pa.C.S.A. § 3122.

3. 18 Pa.C.S.A. § 3124.

4. 18 Pa.C.S.A. § 6301.

5. In his appellate brief, Appellant lists three issues for appeal. We have combined his first and second issues.

6. The ineffective assistance of counsel claims have been preserved and were not previously litigated. 42 Pa.C.S.A. § 9544. Appellant raised the ineffective assistance of trial counsel at the first available opportunity when he was no longer represented by the public defender's office, *See Commonwealth v. Carson,* 559 Pa. 460, 741 A.2d 686 (1999), and the issues were raised in Appellant's amended PCRA petition.

*Commonwealth v. Touw,* 781 A.2d 1250, 1252 (Pa.Super.2001) (quotations and quotation marks omitted).

¶5 In order to establish that trial counsel was ineffective, Appellant must prove that (1) his claim has arguable merit, (2) counsel had no reasonable basis for his action or inaction, and (3) Appellant was prejudiced by counsel's action or inaction. *Commonwealth v. Smith,* 539 Pa. 128, 650 A.2d 863 (1994). There exists a presumption that counsel is effective. *Commonwealth v. Fowler,* 550 Pa. 152, 703 A.2d 1027 (1997).

¶6 Appellant first contends that counsel should have objected to the admission of the DNA analysis of the semen recovered from the victim's vagina, the victim's underwear, and Appellant's bed sheet. At trial, the Commonwealth's expert testified that the DNA results revealed that the semen tested excluded 99.97 percent of the population, and that Appellant was not excluded. Appellant contends that, since the analysis did not establish conclusively that the semen belonged to him, the evidence was irrelevant and unduly prejudicial.

¶7 Initially, we note that Appellant's claim that DNA results relating to the victim's underwear and Appellant's bed sheet should have been excluded is meritless. While the expert testified that semen stains were present on the victim's underwear and the sheet, the expert testified that only semen taken as part of the rape kit was tested for DNA purposes. N.T. 9/23/97 at 134–146. Since no DNA testing was performed on the underwear or sheet, Appellant's challenge in this regard is meritless and counsel cannot be deemed ineffective.

¶8 As for the expert's testimony regarding the DNA results relating to the victim's vagina, we find that such testimony was relevant and was not unduly prejudicial, and, therefore, counsel was not ineffective in failing to object.

The admission of evidence is a matter vested within the sound discretion of the trial court, and such a decision shall be reversed only upon a showing that a trial court abused its discretion. In determining whether evidence should be admitted, the trial court must weigh the relevance and probative value of the evidence against the prejudicial impact of that evidence. Evidence is relevant if it logically tends to establish a material fact in the case or tends to support a reasonable inference regarding a material fact. Although a court may find evidence is relevant, the court may nevertheless conclude that such evidence is inadmissible on account of its prejudicial impact.

*Commonwealth v. Reid,* —— Pa. ——, 811 A.2d 530, 550 (2002) (citations omitted).

¶9 "Evidence that merely *advances an inference* of a material fact may be admissible, even where the inference to be drawn stems only from human experience. Moreover, even in the case of expert testimony, '[t]o be relevant, evidence need not be conclusive.'" *Commonwealth v. Hawk,* 551 Pa. 71, 77, 709 A.2d 373, 376 (1998) (citation and quotation omitted) (emphasis in original).

¶10 In *Commonwealth v. Crews,* 536 Pa. 508, 640 A.2d 395 (1994), a rape and murder case, the Pennsylvania Supreme Court upheld the admission of DNA evidence found at the crime scene which "strongly associated" the DNA with the defendant. The Supreme Court acknowledged that DNA evidence can never provide absolute proof of identity, but the Supreme Court concluded that the evidence was relevant and that its weight and persuasiveness was for the finder of fact. In *Commonwealth*

*v. Koehler,* 558 Pa. 334, 737 A.2d 225 (1999), the Supreme Court applied *Crews* and determined that DNA evidence is relevant and has probative value as to whether a defendant had sexual intercourse with a victim. In that case, the expert testified that a DNA analysis indicated that two other men were excluded from being the source of the semen, but that the appellant was not excluded. Finally, in *Commonwealth v. Blasioli,* 552 Pa. 149, 713 A.2d 1117 (1998), the Supreme Court recognized that DNA evidence is relevant.

¶ 11 In the case *sub judice,* we conclude that the DNA evidence was relevant and was not unduly prejudicial. The DNA evidence supported a reasonable inference that Appellant had sexual intercourse with the young victim. Contrary to Appellant's argument, DNA evidence need not establish conclusively that the semen belonged to Appellant in order to be considered relevant and not unduly prejudicial. As such, we find his claim to be meritless, and, therefore, counsel cannot be found ineffective on this basis.

¶ 12 Appellant's next claim is that counsel was ineffective in failing to advise Appellant of his right to testify at trial.

It is well settled that the decision to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to call the appellant to the stand, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to viti-

ate a knowing and intelligent decision to testify on his own behalf.

*Commonwealth v. Carson,* 559 Pa. 460, 484, 741 A.2d 686, 699 (1999) (citations omitted).

¶ 13 Aside from his bald allegation that counsel never informed Appellant of his right to testify, Appellant has offered no proof to support this claim. In any event, assuming that counsel failed to so inform Appellant, we conclude that Appellant has failed to show that counsel's alleged omission prejudiced Appellant. Specifically, Appellant has failed to articulate what testimony he would have given had he testified at trial. Aside from baldly stating that he would have refuted the charges, Appellant fails to indicate precisely how he would have done so. Without an offer of proof, Appellant has failed to demonstrate how his failure to testify resulted in a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Commonwealth v. Chambers,* 807 A.2d 872, 2002 WL 31122101 (Pa. September 26, 2002) (stating the prejudice standard); *Commonwealth v. Bazabe,* 404 Pa.Super. 408, 590 A.2d 1298 (1991) (indicating an appellant must make an offer of proof as to how he would have testified.).[7]

¶ 14 Affirmed.

---

**7.** Moreover, we note that Appellant had two *crimen falsi* convictions (receiving stolen property and retail theft), which could have been used to impeach Appellant had he taken the stand, and the evidence in this case consisted of more than the victim's credibility.

*See Commonwealth v. Neal,* 421 Pa.Super. 478, 618 A.2d 438 (1992) (counsel had no reasonable basis not to call the appellee to the stand since he had no prior convictions and the case turned on the victim's credibility).