J-S05017-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WILLIAM BROWN, | : | |
| | : | |
| Appellant | : | No. 817 WDA 2014 |

Appeal from the PCRA Order Entered April 7, 2014,
In the Court of Common Pleas of Indiana County,
Criminal Division, at No. CP-32-CR-000451-2010.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 10, 2015**

Appellant, William Brown, appeals from the order entered on April 7, 2014, that denied his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court provided the following factual background:

> This matter came before the Court on [Appellant] William Brown's Petition for Post-Conviction Collateral Relief pursuant to the Post-Conviction Collateral Relief Act (PCRA). A hearing on the Petition was held December 11, 2013. [Appellant's] conviction stems from events occurring on February 28, 2010, when [Appellant] caused the death of his cellmate, Jayson Stewart, while both were incarcerated in the Restricted Housing Unit at SCI Pine Grove. Following a three-day jury trial ending on December 9, 2010, [Appellant] was found guilty of Murder of the First Degree and Aggravated Assault. He is currently serving a life sentence without parole at SCI Forest, in Marienville, Pennsylvania. [Appellant] was represented at trial by court-appointed counsel, Fred D. Hummel, Jr., and [Appellant] alleges that he was provided with ineffective assistance of counsel.

PCRA Court Opinion, 4/8/14, at 1. The PCRA court denied Appellant's petition for relief.

Following the denial of his PCRA petition, Appellant filed this timely appeal where he raises the following issues for this Court's consideration:

I.      Whether trial counsel was ineffective in his representation of the Appellant in that he failed to:

        (a) fully utilize the volume of the psychiatric and medical evidence at his disposal to support the Appellant's defense of diminished capacity;

        (b) fully utilize the evidence of the solitary confinement and "snitching" that weighed heavily on his mental health?

II.     Whether trial counsel was ineffective for failing to utilize the prior history of mental illness along with the examination of Dr. Martone to show that the Appellant did not knowingly or intelligently waive His Miranda[1] rights?

III.    Whether trial counsel was ineffective for not ensuring that the Appellant understood the significance of cooperating with the Commonwealth's psychiatrist?

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. ***Commonwealth v. Phillips***, 31 A.3d 317, 319 (Pa. Super. 2011) (citing ***Commonwealth v. Berry***, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be

---

[1] ***Miranda v. Arizona***, 384 U.S. 436 (1966).

disturbed unless there is no support for the findings in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

When considering an allegation of ineffective assistance of counsel, counsel is presumed to have provided effective representation unless the PCRA petitioner pleads and proves that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable basis for his or her conduct; and (3) Appellant was prejudiced by counsel's action or omission. *Commonwealth v. Pierce*, 527 A.2d 973, 975-976 (Pa. 1987). "In order to meet the prejudice prong of the ineffectiveness standard, a defendant must show that there is a 'reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different.'" *Commonwealth v. Reed*, 42 A.3d 314, 319 (Pa. Super. 2012). A claim of ineffective assistance of counsel will fail if the petitioner does not meet any of the three prongs. *Commonwealth v. Williams*, 863 A.2d 505, 513 (Pa. 2004). "The burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Rega*, 933 A.2d 997, 1018 (Pa. 2007).

Appellant first avers that counsel was ineffective at trial for failing to utilize psychiatric and medical evidence from his prior involvement with mental health professionals to support Appellant's defense of diminished capacity. We disagree with Appellant's assertion.

At the outset, we note that Appellant concedes that trial counsel did not fail to present evidence of Appellant's past psychiatric issues. Appellant's Brief at 12-13. Rather, Appellant asserts that trial counsel should have provided even more evidence of prior treatment for mental illness. *Id*. Appellant goes on to claim that:

> A principle of trial practice coming from the erudite and entertaining Cornell University Law School Professor Irving Younger provides that if a jury hears a piece of evidence once they [sic] will probably not remember it, if they [sic] hear that evidence twice then it may enter into the jury's discussion, but if they [sic] hear a third time, then they [sic] will probably accept and utilize that evidence in reaching their [sic] verdict.

Appellant's Brief at 13-14. We point out that there is no rule requiring counsel to present evidence three times. Appellant's displeasure with the manner in which trial counsel presented a defense, by itself, does not amount to ineffectiveness, and the failure to be repetitive satisfies no ineffective assistance of counsel standard of which this Court is aware. The fact that Appellant now wishes trial counsel had provided repetitive evidence and points to other medical records that "could have" been presented, provides no basis for relief. These bald assertions fail to establish a reasonable probability that, but for these alleged deficiencies, the result of the proceeding would have been different. *Reed*, 42 A.3d at 319.

Moreover, trial counsel did provide evidence of Appellant's psychiatric issues and treatment, and the PCRA court concluded that there was a

reasonable basis for counsel to refrain from pursuing the details of Appellant's prior treatment any further than he did. Trial counsel's rationale was that the past psychiatric treatment was as a result of prior crimes, some of which were violent. The PCRA court addressed this issue as follows:

> [Appellant] argues that counsel failed to interview or call expert witnesses who previously treated him while he was confined prior to this matter. Counsel did call one expert witness, Dr. Martone, who testified on [Appellant's] behalf that in her opinion he could not form specific intent due to his mental disabilities. The Commonwealth's expert, Dr. Blumberg, offered testimony contradicting this finding and [Appellant] now claims that had other experts been called to support Dr. Martone's conclusions it would have given them more weight. By failing to provide additional witnesses to bolster Dr. Martone's testimony, [Appellant] alleges counsel was ineffective. He also alleges that counsel did not obtain his complete medical records, particularly his Department of Corrections records from 2009-2010. Counsel testified that Dr. Martone conducted tests with [Appellant] and discussed his past mental health history, beginning when he was first recognized as having difficulties at age eleven. [Appellant] also testified that he was honest with Dr. Martone about his history, including various confinements at a boot camp, mental health facilities, and state correctional institutions. Counsel maintains that medical records were obtained from 2001 to the date of the trial and because the records were available, it was not necessary for witnesses from any corresponding treatment centers to testify. Furthermore based on the fact that the majority of [Appellant's] treatment records were connected with criminal activities, including firing a gun at a police officer, counsel did not believe it would be advantageous to open certain records. Counsel's choice not to introduce potentially damaging information contained in [Appellant's] records was a strategic, tactical decision in presenting his defense. This does not render counsel ineffective; therefore, this claim is without merit.

PCRA Court Opinion 4/8/14, at 3-4. We agree with the PCRA court. Trial counsel did present evidence of Appellant's mental health issues and

presented evidence from an expert Dr. Martone, on these matters. The fact that counsel did not present evidence that could potentially open the door to details of Appellant's criminal past was a strategic decision, and we discern no error in the PCRA court's decision on this issue.

In the second part of Appellant's first issue, Appellant attempts to raise claims concerning the effect solitary confinement had on him and the way Appellant was treated by other inmates while incarcerated at SCI Pine Grove. Appellant now contends that he was taunted and shunned as a "snitch" because he had informed on an individual in an unrelated case and that individual ended up being housed at SCI Pine Grove. Appellant's Brief at 24.

Appellant argues that trial counsel failed to provide enough evidence regarding the impact solitary confinement had on him, the way it may have impacted the intent to kill, and the resulting diminished capacity. Appellant's Brief at 24. Appellant goes on to cite to five articles allegedly espousing the deleterious effects that solitary confinement has on prisoners. *Id*. However, Appellant has failed to establish the existence of a witness who was prepared and willing to testify as to how Appellant was allegedly mistreated by other inmates, the accuracy and application of the aforementioned articles, the manner and degree to which Appellant's mental state was impacted, or how the absence of this testimony denied Appellant a

fair trial. **_See Commonwealth v. Walls_**, 993 A.2d 289, 302 (Pa. Super. 2010) (stating that in order to prevail on a claim of ineffectiveness for failing to call an expert witness, the petitioner must prove that: (1) the witness existed; (2) the witness was available to testify for the defense; (3) counsel knew or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the witness's testimony was so prejudicial as to have denied him a fair trial).  Because Appellant presented no evidence that satisfies these requirements, we discern no error in the PCRA court denying relief on this claim.

Next, Appellant avers that counsel was ineffective for not presenting evidence concerning the way Appellant was treated by other inmates while incarcerated at SCI Pine Grove and the effect that being labeled a snitch had on him.  However, upon review of the record, we note that this specific issue was not raised in the PCRA court or in his Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Accordingly, this issue is waived.  Pa.R.A.P. 1925(b)(4)(vii).[2]

_____

[2] As set forth above, the issue concerning counsel's alleged failure to present evidence that Appellant's mental state was diminished as a result of a co-defendant being housed at the same SCI and the fact that Appellant endured taunts and "grinding" as a result of being labeled a "snitch" is waived as it was not properly preserved for appeal.  We note, however, that on August 21, 2014, this Court received a motion for remand filed by Appellant's counsel.  In that motion, Appellant sought to have our Court remand this case to the PCRA court for a hearing on this additional claim of ineffectiveness because it had not been properly raised on appeal.  In an

Appellant next claims that trial counsel was ineffective for failing to show that, due to his mental illness, Appellant did not knowingly and intelligently waive his ***Miranda*** rights. Appellant claims that his statement to Pennsylvania State Police Officers was coerced due to his mental illness, his lack of intelligence, and an allegation that Appellant's clothing was withheld by prison officials until he made a statement regarding the murder of his cellmate. Appellant's Brief at 26-27.

In deciding whether a defendant has validly waived his ***Miranda*** rights, the trial court must determine: 1) whether the waiver was voluntary, in the sense that the defendant's choice was not the result of governmental pressure; and 2) whether the waiver was knowingly and intelligently made, in the sense that the decision was reached with full comprehension of both the nature of the right being waived and the consequences of that choice. ***Commonwealth v. Kunkle***, 79 A.3d 1173, 1180 (Pa. Super. 2013) (citation omitted). Additionally, we point out that:

order filed on August 28, 2014, this Court denied Appellant's motion for remand without prejudice to Appellant's ability to again make this motion before this panel. However, the record reflects that Appellant did not renew the motion before this panel. Nevertheless, had Appellant renewed the motion, we would have concluded that no relief was warranted. Because counsel raised PCRA counsel's alleged ineffectiveness for the first time on appeal from the order denying PCRA relief, it is unreviewable at this juncture. ***See Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (stating that "claims of PCRA counsel's ineffectiveness may not be raised for the first time on appeal.") (citing, *inter alios*, ***Commonwealth v. Jette***, 23 A.3d 1032, 1044 n. 14 (Pa. 2011)).

-8-

Under **Miranda**, probative evidence, such as a confession, may be suppressed to punish and deter police misconduct, and thereby enforce constitutional protections. Thus, in the suppression realm, the focus is upon police conduct and whether a knowing, intelligent, and voluntary waiver was effected based on a totality of the circumstances, which may include consideration of a defendant's mental age and condition, low IQ, limited education, and general condition. When a defendant alleges that his waiver or confession was involuntary, the question is not whether the defendant would have confessed without interrogation, but whether the interrogation was so manipulative or coercive that it deprived the defendant of his ability to make a free and unconstrained decision to confess.

**Commonwealth v. Sepulveda**, 55 A.3d 1108, 1136-1137 (Pa. 2012) (internal citations and quotation marks omitted). However, there is no *per se* rule that there can be no voluntary waiver when a person is mentally ill. **See Commonwealth v. Mitchell**, ___ A.3d ___, 2014 WL 7150724, 677 CAP (Pa. 2014) (stating that defendants with proven psychological defects are capable of waiving their constitutional rights and giving voluntary confessions). Finally, a defendant's prior experience with **Miranda** warnings may be considered when determining whether the waiver of those rights was knowing and voluntary. **Commonwealth v. Hughes**, 555 A.2d 1264, 1275 (Pa. 1989).

Here, the PCRA court addressed this issue as follows:

By his own testimony at the pre-trial suppression hearing, [Appellant] indicated that he understood his Miranda rights and admitted freely speaking to the troopers. He also testified that he was placed in an infirmary cell, but was given a smock to wear and that he was unsure if he took his medications. There is no indication that the interrogating troopers coerced him or that

the environment in which he was held would pressure him into making a statement. Furthermore, [Appellant] has an extensive history in the criminal justice system and is familiar with the nature and meaning of Miranda rights, which he admitted. For these reasons, [Appellant's] statements cannot be considered to be involuntary. Counsel is not obligated to raise arguments that are not meritorious;[3] therefore there was no ineffectiveness of counsel for failing to make the arguments that [Appellant] now advances.

PCRA Court Opinion, 4/8/14, at 7.

We agree with the PCRA court. The record supports the conclusion that Appellant knowingly and intelligently waived his **Miranda** rights. Upon review, we discern no error in the PCRA court's decision on this issue.

Finally, Appellant claims that trial counsel was ineffective for not ensuring that he understood the significance of cooperating with the Commonwealth's psychiatrist. We conclude that no relief is due.

It is well settled that issues that are not developed or supported with appropriate argument will be deemed waived. **Commonwealth v. Garcia**, 661 A.2d 1388, 1395-1396 (Pa. Super. 1995); Pa.R.A.P. 2119(b), (c) and (d). Because Appellant has failed to support this issue with proper argument, we deem it to be waived. **Id**.

---

[3] **See Commonwealth v. Destephano**, 87 A.3d 361, 368 (Pa. Super. 2014) (reiterating the well-settled principle that counsel may not be deemed ineffective for failing to pursue a meritless claim).

Assuming, for the sake of argument, that we were to address the merits of this issue, we would affirm based on the rationale enumerated by the PCRA court. The PCRA court addressed this issue as follows:

> [Appellant] next argues that counsel was ineffective for failing to advise him to cooperate with Dr. Blumberg, the Commonwealth's expert in psychiatry. When Dr. Blumberg interviewed [Appellant], he attempted to have him complete tests, one of which was the Miller Forensic Assessment Symptoms Test (MFAST), which is used to determine if someone is malingering or faking symptoms. [Appellant] only partially completed the MFAST and then refused to continue with the remainder because he became frustrated with how lengthy it was and wanted to be finished. Based on his observations, Dr. Blumberg found that [Appellant] had borderline intellectual capabilities, but believed that he was not suffering from diminished capacity at the time of the murder. According to [Appellant], counsel did tell him Dr. Blumberg would be talking to him and administering tests, but did not specifically advise him that failure to cooperate could be used against him at trial. Counsel maintains that he did address the importance of the tests and the need for [Appellant] to do as Dr. Blumberg asked. Counsel testified that he was not concerned about [Appellant's] possible refusal to cooperate because he was cooperative during his previous evaluation with Dr. Martone. [Appellant] has not offered any proof to support his claim that counsel did not inform him of the importance of completing Dr. Blumberg's tests. Ineffectiveness of counsel cannot be shown merely by a "bald allegation" without further proof that counsel failed to inform a defendant of certain information. Commonwealth v. Alderman, 811 A.2d 592, 596 (Pa.Super. 2002). (No ineffectiveness of counsel with allegation that defendant was not informed of his right to testify). Additionally, even if this Court were to accept [Appellant's] version of events, he has presented no evidence indicating a reasonable probability that the proceedings would have had a different outcome had counsel given more specific advice regarding the testing.

PCRA Court Opinion, 4/8/14, 5-6.

For the reasons set forth above, we discern no error of law in the PCRA court's decision. Accordingly, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/10/2015