J. A18022/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DOMINICK SERRATORE, | : | No. 1870 MDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, September 30, 2015,
in the Court of Common Pleas of Luzerne County
Criminal Division at No. CP-40-CR-0000140-1987

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., AND STEVENS,* P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED SEPTEMBER 09, 2016**

Dominick Serratore appeals ***pro se*** from the September 30, 2015 order denying his second petition filed pursuant to the Post Conviction Relief Act ("PCRA")[1] as untimely. After careful review, we affirm.

The underlying facts of this case were set forth by a prior panel of this court and need not be reiterated here. ***See Commonwealth v. Serratore***, 778 A.2d 738 (Pa.Super. 2001) (unpublished memorandum at 1-2), ***appeal denied***, 788 A.2d 375 (Pa. 2001). On December 13, 1986, appellant was charged with first-degree murder, kidnapping, unlawful restraint, and

---

* Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S.A. §§ 9541-9546.

two counts each of criminal conspiracy and aggravated assault.[2]  Following a lengthy jury trial, appellant was found guilty on all counts on October 14, 1987.  On October 15, 1987, the trial court sentenced appellant to life imprisonment on the first-degree murder charge following a penalty-phase hearing.  Thereafter, on December 18, 1992, appellant was sentenced to a consecutive term of 7½ to 15 years' imprisonment on the remaining counts.  Appellant filed a timely notice of appeal on January 11, 1993.  On June 9, 1994, a panel of this court affirmed appellant's judgment of sentence, and our supreme court denied allowance of appeal on January 10, 1995.  **See Commonwealth v. Serratore**, 648 A.2d 1237 (Pa.Super. 1994), **appeal denied**, 655 A.2d 513 (Pa. 1995).

On October 21, 1996, appellant filed a **pro se** PCRA petition.  From 1996 to 1998, four separate attorneys were appointed to represent appellant in this matter.  On December 23, 1998, appellant's counsel filed an amended PCRA petition on his behalf.  Following a hearing, the PCRA court dismissed appellant's petition on June 5, 2000.  Appellant filed a timely notice of appeal.  On April 26, 2001, a panel of this court affirmed the PCRA court's June 5, 2000 order, and our supreme court denied allowance of appeal on October 17, 2001.  **See Commonwealth v. Serratore**, 778 A.2d 738 (Pa.Super. 2001), **appeal denied**, 788 A.2d 375 (Pa. 2001).

---

[2] 18 Pa.C.S.A. §§ 2501, 2901, 2902, 903, and 2702, respectively.

On December 4, 2014, appellant filed the instant **pro se** PCRA petition, his second, alleging that his sentence of life imprisonment violated the Supreme Court's mandate in **Alleyne v. United States**, ___ U.S. ___, 133 S. Ct. 2151 (2013).[3] On February 11, 2015, the PCRA court provided appellant with notice, pursuant to Pa.R.Crim.P. 907(1), of its intention to dismiss his petition without a hearing. Thereafter, on September 30, 2015, the PCRA court dismissed appellant's petition without a hearing. This timely appeal followed.[4]

The crux of appellant's argument on appeal is that the PCRA court erred in denying his petition as untimely because his sentence of life imprisonment violated **Alleyne** and that this case should be applied retroactively. (Appellant's brief at 4.)

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." **Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa.Super.

---

[3] In **Alleyne**, the Supreme Court held that the Sixth Amendment requires that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155 (citation omitted).

[4] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." **Commonwealth v. Alderman**, 811 A.2d 592, 594 (Pa.Super. 2002), **appeal denied**, 825 A.2d 1259 (Pa. 2003) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed in 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). Lastly, we note that, "[a]lthough this Court is willing to liberally construe materials filed by a **pro se** litigant, **pro se** status confers no special benefit upon the appellant[.]" **Commonwealth v. Adams**, 882 A.2d 496, 498 (Pa.Super. 2005) (citation omitted).

Before we address the merits of appellant's arguments, we must first consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. **Commonwealth v. Davis**, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of

> the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1).
>
> We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies. In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented. 42 Pa.C.S.[A.] § 9545(b)(2).

*Commonwealth v. Marshall*, 947 A.2d 714, 719-720 (Pa. 2008) (some citations omitted). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at [42 Pa.C.S.A. § 9545] are met." *Lawson*, 90 A.3d at 5 (footnote omitted).

Instantly, it is undisputed that appellant's PCRA petition, filed on December 4, 2014, is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and

the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review[]"). As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions to the time bar, as set forth in Section 9545(b)(1).

Appellant avers that the Supreme Court's decision in **Alleyne** constitutes a newly-discovered fact that would invoke the protections afforded by Section 9545(b)(1)(ii). (Appellant's brief at 6-9.) Appellant further posits that **Alleyne** announced a new constitutional right under Section 9545(b)(1)(iii) that applies retroactively. (**Id.** at 8, 16-17.) We disagree.

Contrary to appellant's contention, this court has expressly rejected the notion that judicial decisions constitute newly-discovered facts that invoke the protections afforded by Section 9545(b)(1)(ii). **See Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012) (holding that a judicial determination does not qualify as a previously unknown "fact" capable of triggering the timeliness exception set forth in Section 9545(b)(1)(ii) of the PCRA). Furthermore, courts in this Commonwealth have recognized that **Alleyne** does not apply retroactively to cases on collateral review. **See Commonwealth v. Washington**, 2016 WL 3909088, *3 (Pa. 2016) (holding that the **Alleyne** decision does not apply retroactively to collateral attacks upon mandatory minimum sentences advanced in PCRA proceedings); **see also Commonwealth v. Riggle**, 119

A.3d 1058, 1064 (Pa.Super. 2015) (stating that, "while this Court has held that *Alleyne* applies retroactively on direct appeal, we have declined to construe that decision as applying retroactively to cases during PCRA review").

Additionally, even if appellant's claim met the underlying requirements of Section 9545(b)(1), he still would not be entitled to any relief. Appellant has failed to demonstrate that he brought his exceptions to the PCRA time-bar within 60 days of the date the claim could have been presented, as required by Section 9545(b)(2). To fulfill the 60-day requirement, appellant needed to file his petition within 60 days from the date *Alleyne* was decided. *See Brandon*, 51 A.3d at 235 (concluding that, "the sixty-day period begins to run upon the date of the underlying judicial decision[,]" not the date appellant became aware of the decision). The Supreme Court's decision in *Alleyne* was filed on June 17, 2013. Appellant filed his PCRA petition almost six months later on December 4, 2014. Thus, appellant's petition is untimely on this basis as well.

Finally, appellant's life without parole sentence for first-degree murder does not represent an *Alleyne* violation.

Accordingly, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition as untimely.

Order affirmed.

J. A18022/16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/9/2016