J. S58006/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                            :           PENNSYLVANIA
                  v.           :
                            :
TOREY DOBBIN,              :         No. 199 MDA 2017
                            :
           Appellant     :

Appeal from the PCRA Order, December 28, 2016,
in the Court of Common Pleas of Dauphin County
Criminal Division at Nos. CP-22-CR-0000041-1998,
CP-22-CR-0003983-1997, CP-22-CR-0003984-1997

BEFORE:  GANTMAN, P.J., SHOGAN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED OCTOBER 25, 2017**

Torey Dobbin appeals from the December 28, 2016 order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA").[1] After careful review, we affirm.

The PCRA court summarized the relevant facts and procedural history of this case as follows:

> [Appellant] pled guilty pursuant to a plea agreement before th[e trial c]ourt on April 13, 1998. The guilty plea involved three criminal dockets [(CP-22-CR-3984-1997, CP-22-CR-3983-1997, and CP-22-CR-41-1998)] and [appellant] was subsequently sentenced to seven and one-half (7½) to twenty (20) years of imprisonment.  On June 23,

---

[1] 42 Pa.C.S.A. §§ 9541-9546.

1998, [appellant] was sentenced in Cumberland County on similar charges.[2]

Years later, [appellant] incurred new charges for robbery and was sentenced in federal court in September of 2014. In March of 2015, [appellant] received an enhanced sentence from the federal court due to his prior convictions from armed robbery and burglary in Dauphin County and Cumberland County. The Third Circuit Court of Appeals affirmed [appellant's] federal sentence on December 4, 2015.

[On May 20, 2015, appellant filed a **pro se** PCRA petition and Christopher Wilson, Esquire ("PCRA counsel") was appointed to represent him on June 1, 2015.] On December 2[4], 2015, [PCRA counsel] filed a [supplemental] PCRA petition on [appellant's] behalf alleging that [appellant's] trial counsel, Brian Walk, Esquire [(hereinafter, "trial counsel")], was ineffective for not seeking to have [appellant] sentenced on the same day in Dauphin County and Cumberland County to avoid future consequences in federal court.

PCRA court opinion, 12/28/16 at 1.

On May 10, 2016, the PCRA court conducted an evidentiary hearing on appellant's petition. Following the hearing, the PCRA court entered an order on December 28, 2016 denying appellant's petition. In the opinion accompanying its December 28, 2016 order, the PCRA court noted that it "questions the timeliness of [appellant's petition]" but elected to dispose of appellant's ineffectiveness claims on the merits. (**See id.** at 5 n.3). Appellant filed a timely notice of appeal on January 19, 2017. On

---

[2] The record reflects that appellant did not file a direct appeal from his judgment of sentence.

January 26, 2017, the trial court ordered appellant to file a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), within 21 days. Appellant filed a timely Rule 1925(b) statement on February 6, 2017. Thereafter, on April 24, 2017, the trial court filed a one-page "memorandum statement in lieu of opinion" that indicated that it was relying on the reasoning set forth in its December 28, 2016 opinion.

Appellant raises the following issues for our review:

1.  Whether the PCRA Court erred by concluding that the plea counsel was not ineffective in [his] failure to coordinate sentences in two different counties in a way to avoid federal career offender status and in plea counsel's failure to advise [a]ppellant of the consequences of his plea and immediate sentencing?

2.  Whether the PCRA Court erred by not vacating the robbery conviction on docket 3984 CR 1997 when no transcript exists of the plea, and when the evidence shows that the actual guilty plea colloquy did not contain any robbery charge[?]

Appellant's brief at 3.

Proper appellate review of a PCRA court's dismissal of a PCRA petition is limited to the examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no support for the findings in

the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa.Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Alderman***, 811 A.2d 592, 594 (Pa.Super. 2002), ***appeal denied***, 825 A.2d 1259 (Pa. 2003) (citation omitted). In order to be eligible for PCRA relief, a defendant must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed in 42 Pa.C.S.A. § 9543(a)(2). Further, these issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3).

Preliminarily, we must consider the timeliness of appellant's PCRA petition because it implicates the jurisdiction of this court and the PCRA court. ***Commonwealth v. Davis***, 86 A.3d 883, 887 (Pa.Super. 2014) (citation omitted).

> To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:
>
> (i)　the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)　the facts upon which the claim is predicated were unknown to the

petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1).

**Commonwealth v. Marshall**, 947 A.2d 714, 719 (Pa. 2008). "[A]n untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth [in Section 9545] are met." **Lawson**, 90 A.3d at 5 (footnote omitted).

In the instant matter, appellant's judgment of sentence became final on July 23, 1998, 30 days after the trial court imposed sentence in Cumberland County and when the time for filing a direct appeal with this court expired. **See** 42 Pa.C.S.A. § 9545(b)(3) (stating, "[a] judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of the time for seeking the review[]"). Therefore, in order to comply with the filing requirements of the PCRA, appellant was required to file his petition by July 23, 1999. **See** 42 Pa.C.S.A. § 9545(b)(1) (stating that all PCRA petitions, including second

and subsequent petitions, must be filed within one year of when a defendant's judgment of sentence becomes final). Appellant's instant petition was filed May 20, 2015, nearly 16 years past the deadline, and is therefore patently untimely. As a result, the PCRA court lacked jurisdiction to review appellant's petition, unless appellant alleged and proved one of the statutory exceptions set forth in Section 9545(b)(1).

Here, our review of the record in this matter reveals that appellant failed to specifically invoke any of the statutory exceptions to the PCRA time-bar. Notably, although appellant checked the Section 9545(b)(1)(ii) "newly-discovered fact" exception box on his May 20, 2015 **pro se** PCRA petition, he failed to make any argument whatsoever with regard to this exception in his December 24, 2015 amended PCRA petition, his Rule 1925(b) statement, or his appellate brief. (**See** certified record at nos. 9, 20, 35.)

Rather, the crux of appellant's argument on appeal is that his trial counsel was ineffective in failing to ensure that appellant was sentenced in both the Cumberland County and Dauphin County matters on the same date, so as "to avoid federal career offender status[.]" (Appellant's brief at 3, 11.) Appellant further contends that the PCRA court erred in failing to vacate his robbery conviction at CP-22-CR-3984-1997 on the basis that "no robbery offense [was] found in the guilty plea colloquy." (**Id.** at 8, 17.)

Generally, claims of trial counsel ineffectiveness do not operate as an independent exception to the one-year jurisdictional time-bar of the PCRA. **See Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000) (holding a claim of ineffective assistance of counsel does not save an otherwise untimely petition for review on the merits); **see also Commonwealth v. Breakiron**, 781 A.2d 94, 97 (Pa. 2001) (allegations of ineffective assistance of counsel will not circumvent the timeliness requirement of the PCRA). We recognize that in limited situations where counsel's ineffective assistance was tantamount to abandoning his client on appeal, our supreme court has recognized that a petitioner's discovery of this ineffectiveness may form the basis for a claim under the "newly-discovered fact" exception to the PCRA time-bar. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1272-1273 (Pa. 2007). Appellant, however, fails to allege on appeal that trial counsel's purported ineffectiveness constituted an abandonment of counsel. "[I]t is the petitioner's burden to plead in the petition and prove that one of the exceptions applies." **Commonwealth v. Crews**, 863 A.2d 498, 501 (Pa. 2004) (citation omitted).

Having found that the instant petition was untimely filed and appellant has failed to invoke any statutory exception to excuse that untimely filing, we discern no error on the part of the PCRA court in dismissing appellant's PCRA petition.

J. S58006/17

Order affirmed.

Gantman, P.J. joins this Memorandum.

Shogan, J. concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/25/2017

- 8 -