J-S25012-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWARD ARTHUR GEIER | : | |
| Appellant | : | No. 1185 MDA 2019 |

Appeal from the PCRA Order Entered June 18, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000885-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : | |
| EDWARD ARTHUR GEIER JR. | : | |
| Appellant | : | No. 1186 MDA 2019 |

Appeal from the PCRA Order Entered June 18, 2019
In the Court of Common Pleas of Centre County Criminal Division at
No(s): CP-14-CR-0000412-2015

BEFORE:  LAZARUS, J., DUBOW, J., and KING, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 21, 2020**

Edward Arthur Geier, Jr., appeals from the order, entered in the Court of Common Pleas of Centre County, denying his petition without a hearing filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. Because Geier has established ineffective assistance of counsel *per se* with regard to the filing of his Pa.R.A.P. 1925(b) concise statement of errors

complained of on appeal, we vacate the order of the PCRA court and remand for reinstatement of his direct appeal rights.

In April of 2016, a jury found Geier guilty of one-thousand-seventy-three sex crimes.[1]  Geier, through counsel, filed a direct appeal in this Court. In a memorandum decision, a three-judge panel found that Geier's sole issue on appeal was waived because his Rule 1925(b) statement was "far too vague to warrant meaningful review."[2]  *Commonwealth v. Geier*, 881 MDA 2016, at 7 (Pa. Super. filed Feb. 23, 2016) (unpublished memorandum).  Our Supreme Court denied Geier's petition for allowance of appeal.  Geier

_____

[1] At Centre County docket number 412-2015, the jury found Geier guilty of counts 1-32 (rape of a child - victim less than thirteen years of age, 18 Pa.C.S.A. § 3121(c)); counts 33-80 (statutory sexual assault, 18 Pa.C.S.A. § 3122.1(b)); counts 81-590 (unlawful contact with a minor, 18 Pa.C.S.A. § 6318(a)(1)); counts 591-617 (involuntary deviate sexual intercourse - person less than 16 years of age, 18 Pa.C.S.A. § 3123(a)(7)); counts 621-622 (involuntary deviate sexual intercourse - forcible compulsion, 18 Pa.C.S.A. § 3123(a)(1)); counts 623, 627-673 (sexual assault, 18 Pa.C.S.A. § 3124.1)); count 674 (corruption of minors, 18 Pa.C.S.A. § 6301(a)(1)(ii)); counts 675-1034 (indecent assault - person less than 13 years of age, 18 Pa.C.S.A. § 3126(a)(7)); and counts 1035-1074 (indecent assault - person less than 16 years of age, 18 Pa.C.S.A. § 3126(a)(8)).  Counts 618-620 and 624-626 were nolle prossed.  At Centre County docket number 885-2015, the jury found Geier guilty of one count each of:  rape - unconscious person (18 Pa.C.S.A. § 3123 (a)(3)); unlawful contact with a minor (18 Pa.C.S.A. § 6318(a)(1)); statutory sexual assault (18 Pa.C.S.A. § 3122.1(b)); incest (18 Pa.C.S.A. § 4302(b)(2)); and indecent assault without consent (18 Pa.C.S.A. § 3126(a)(1)).

[2] Geier's Rule 1925(b) statement indicated his intent to raise one issue on appeal: "Was there sufficient evidence to find [Geier] guilty beyond a reasonable doubt on the charges he was convicted of?"  Pa.R.A.P. 1925(b) Concise Statement of [Errors] Complained of On Appeal, 6/16/16, at [1].

subsequently filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed two amended PCRA petitions: an amended PCRA petition on June 18, 2019 ("counseled amended petition"), and an adopted amended PCRA petition ("adopted petition") that Geier attempted to submit *pro se* on March 19, 2019.[3]

The issues raised in the counseled amended petition were: (1) ineffective assistance of counsel for calling Geier as a witness in his own defense without adequately preparing him; and (2) ineffective assistance of counsel by filing a concise statement of errors that was so vague as to render the sole issue on appeal waived. **See** Petitioner's Amended Petition for Post-Conviction Relief, 1/8/19, at [4]. The issues raised in the adopted petition were: (1) imposition of a sentence greater than the lawful maximum; and (2) ineffective assistance of counsel for failure to file a post-sentence motion. **See** Amended Petition for Post-Conviction Collateral Relief, 3/25/19, at Appendix A.

On June 18, 2019, the PCRA court issued an order dismissing Geier's PCRA petition. In its opinion accompanying the order, the PCRA court

_____

[3] Geier attempted to file the adopted petition *pro se* on March 19, 2019, after counsel had already filed an amended petition, but it was rejected. **See Commonwealth v. Pursell**, 724 A.2d 293 (Pa. 1999) (approving post-conviction court's refusal to consider issues raised in counseled appellant's p*ro se* petition), *cert. denied*, 528 U.S. 975 (1999); **see also Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993) (hybrid representation is not permitted and defendants have right to proceed without counsel only if decision is knowing and voluntary). On March 22, 2019, the PCRA court granted Geier's motion to adopt the *pro se* amended petition. Geier then filed the adopted petition on March 25, 2019.

addressed the claims raised in Geier's adopted petition, but neglected to address those raised in his counseled amended petition. **See** PCRA Court Opinion and Order, 6/18/19, at 1-3. The PCRA court found that the issues raised in his adopted petition lacked merit and a sufficient factual basis. **Id.** Geier timely filed separate appeals, one at each docket number, and this Court *sua sponte* consolidated the cases by order dated September 9, 2019. **See** Pa.R.A.P. 513.

On November 4, 2019, the PCRA court issued an order and opinion acknowledging that it did not address the claims raised in Geier's counseled amended petition, and finding that Geier was entitled to a hearing on both claims raised in that petition. **See** PCRA Court Opinion, 11/4/19, at 3-4. At the time of the PCRA court's November 4, 2019 opinion, the matter was already on appeal.

On appeal, Geier raises the following claim for our review: "[w]hether the PCRA court erred in failing to address either issue raised in the counseled [a]mended PCRA [p]etition in its opinion denying and dismissing [Geier's] PCRA action." Appellant's Brief, at 4.

Our standard of review for claims denying PCRA relief without a hearing is well-settled:

> [T]he right to an evidentiary hearing on a post-conviction petition is not absolute. It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or [in] other evidence. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in

its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing.

To prevail on a claim alleging counsel's ineffectiveness under the PCRA, [the petitioner] must demonstrate[:] (1) that the underlying claim is of arguable merit; (2) that counsel's course of conduct was without a reasonable basis designed to effectuate his client's interest; and (3) that he was prejudiced by counsel's ineffectiveness, *i.e.* there is a reasonable probability that but for the act or omission in question[,] the outcome of the proceeding would have been different.

*Commonwealth v. Grayson*, 212 A.3d 1047, 1054 (Pa. Super. 2019) (quoting *Commonwealth v. Wah*, 42 A.3d 335, 338-39 (Pa. Super. 2012)). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012).

Here, Geier's amended petition alleged that his trial counsel told him he had no choice but to testify on his own behalf and that he was not adequately prepared to testify. *See* Petitioner's Amended Petition for Post-Conviction Relief, 1/8/19, at [4]. With regard to establishing an ineffectiveness claim for failing to advise the defendant on his right to testify, our Supreme Court has stated:

[t]he decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

- 5 -

***Commonwealth v. Carson***, 741 A.2d 686, 699 (Pa. 1999) (internal citations omitted). Moreover, to establish such a claim, the appellant is required to prove prejudice—in other words, a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. ***See Commonwealth v. Pierce***, 527 A.2d 973, 976-77 (Pa. 1987); ***see also Commonwealth v. Alderman***, 811 A.2d 592, 596 (Pa. Super. 2002). "A reasonable probability is a probability sufficient to undermine confidence in the outcome of the proceeding." ***Commonwealth v. King***, 57 A.3d 607, 613 (Pa. 2012). "[C]ounsel is ordinarily presumed to be competent" and it is the appellant's burden to "demonstrate that a constitutional violation has occurred." ***Id.*** at 614.

> [A] claim of ineffective assistance generally [cannot] succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued. A finding that a chosen strategy lacked a reasonable basis is not warranted unless it can be concluded that an alternative not chosen offered a potential for success substantially greater than the course actually pursued.

***Commonwealth v. Reed***, 42 A.3d 314, 324 (Pa. Super. 2012) (quoting ***Commonwealth v. Miller***, 819 A.2d 504, 517 (Pa. 2002)).

Here, Geier's counseled amended petition stated in relevant part:

21. The facts in support of the alleged error(s) upon which this [m]otion is based are as follows:

> a. [Geier] knows the following facts to be true of his own personal knowledge:

>> i. [Geier] requested that Attorney McClain file and perfect an appeal challenging the sufficiency of the evidence to convict him of all offenses;

ii. [Geier's] direct appeal was denied by the Pennsylvania Superior Court because his sole issue on appeal was [] waived due to a concise statement of errors that was so vague as to preclude meaningful review by the appellate court[];

iii. [Geier] testified in his own defense at trial;

iv. [Geier] was informed by Attorney McClain that he had no choice but to testify because he had no defense; and

v. [Geier] was not adequately prepared by Attorney McClain to testify on his own behalf.

22. In the event [Geier's] motion is allowed, the matters which [Geier] intends to assert are as follows:

a. Ineffective assistance of counsel by filing a concise statement of errors that was so vague as to render the sole issue on appeal to be waived; and

b. Ineffective assistance of counsel by calling [Geier] as a witness in his own defense and failing to adequately prepare him for said testimony.

Petitioner's Amended Petition for Post-Conviction Relief, 1/8/19, at [4]. In his

supporting memorandum of law, Geier notes that:

it is difficult to envision any strategic reason to advise [Geier] to [testify on his own behalf], as [his] version of events entailed him testifying to being aroused by seeing his stepdaughter masturbate (N.T. [Trial], 1/19/2016, [at] 511), masturbating with his stepdaughter in her room (***Id.*** at 512), and being unable to resist her. (***Id.***)

\* \* \*

According to [Geier], Attorney McClain met with him three to four times, ranging from five minutes to forty minutes per meeting, with the last meeting prior to trial occurring approximately one month in advance of trial. Failure to advise [Geier] against testifying and failure to prepare [Geier] for his testimony once it was decided that [he] would testify falls below the minimum level of performance required of defense counsel.

Appellant's Memorandum of Law in Support of Amended Petition for Post-Conviction Relief, 1/8/19, at 6-7.

Here, Geier's amended petition alleged that his trial counsel told him he had no choice but to testify on his own behalf and that he was not adequately prepared to testify. Nevertheless, Geier failed to plead prejudice sufficient to establish an ineffectiveness claim—his petition failed to indicate precisely how the result of the proceeding would have been different, by a reasonable probability, by his not testifying. *See Pierce*, *supra*; *see also Alderman,* *supra*. Accordingly, this claim fails. *See Busanet*, *supra.*[4] The PCRA court,

_____

[4] Geier's claim fails if it does not satisfy any one of the three ineffective assistance of counsel prongs. *See Busanet*, *supra.* In addition to failing to prove the "prejudice" prong above, Geier's claim also fails on the "reasonable basis" prong.

Geier correctly notes above that his testimony corroborated his guilt. Nevertheless, upon reviewing the record, Geier's trial strategy, and reason for testifying, reveals itself quite plainly: Geier's strategy was to admit to the lesser crimes and deny the more substantial charges against him. During the opening argument, Geier's counsel stated to the jury:

> Make no mistake, [Geier] failed as a father. He failed himself, his family, and most importantly, [K.K.M.]. He failed. He will tell you what he did, and I am asking you to convict him of some of these charges. I expect you to hold him accountable for the things he did, specifically corruption of minors. Ed will tell you he did not touch these girls. He did not rape these girls. He did other things, but he did not rape these girls.

N.T. Trial, 1/18/16, at 67. During closing argument, Geier's trial counsel pursued the same strategy when he stated to the jury:

therefore, did not err in its determination that there were no genuine issues of material fact with regard to this claim when it denied Geier relief without conducting an evidentiary hearing. **See Grayson**, **supra**.

Geier's second ineffectiveness claim is that his counsel filed a Rule 1925(b) statement so vague that it rendered his sole issue on appeal waived. Geier claims his counsel's actions amounted to ineffectiveness *per se*. **See** Appellant's Brief, at 17-18. We agree.

In **Commonwealth v. Rosado**, 150 A. 3d 425 (Pa. 2016), our Supreme Court explained ineffective assistance of counsel *per se* as follows:

> [g]enerally, an accused asserting that he has been denied his constitutional right to effective assistance of counsel must demonstrate that counsel engaged in errors which caused him prejudice—*i.e.*, that "there is a reasonable probability that, but for counsel's . . . errors, the result of the proceeding would have been different." In Pennsylvania, we have set forth the [] standard as a three-part test, requiring an accused to show that (1) his underlying claim is of arguable merit; (2) counsel's action or

---

Ed did do terrible things, and as I told you, he failed as a father. I don't know if there is a worse thing you can do than fail as a father, but he did. I expect, he expects, everybody in this room expects you to hold him accountable, and now you have to determine what you have to hold him accountable for. Facts over emotion, and I ask you to find him guilty of a number of charges, but specifically the corruption of minors. Review the facts, listen to what Ed said, and you'll have most of the exhibits and you can review them. In your collective determination, remember what happened and what was said, and I'm going to ask you to find him guilty of corruption of minors[.] Thank you.

N.T. Trial, 1/19/16, at 609. Geier has not demonstrated that an alternative trial strategy offered a potential for success substantially greater than the course he actually pursued. **See Reed, supra.** Therefore, Geier has not demonstrated that the chosen strategy lacked a reasonable basis. **Id.**

inaction lacked a reasonable strategic basis; and (3) but for counsel's conduct, there is a reasonable probability that the outcome of the proceedings would have been different. However, in certain limited circumstances, including the actual or constructive denial of counsel, prejudice may be so plain that the cost of litigating the issue of prejudice is unjustified, and a finding of ineffective assistance of counsel *per se* is warranted. **See** [**United States v.**] **Cronic**, 466 U.S. [648,] 658-59 [(1984)] ("There are . . . circumstances that are so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified. Most obvious, of course, is the complete denial of counsel." (footnote omitted))[.]

*Id.* at 429-30 (some internal citations omitted).

In **Commonwealth v. Lantzy**, 736 A.2d 564 (Pa. 1999), our Supreme Court found that "a failure to file or perfect [a requested] appeal results in a denial so fundamental as to constitute prejudice *per se*." **Id.** at 571. In **Commonwealth v. Halley**, 870 A.2d 795 (Pa. 2005), our Supreme Court extended the **Lantzy** holding to cases in which counsel failed to file a Rule 1925(b) statement after the court directed counsel to do so. **Id.** at 801. The Court reasoned that, in **Halley**, like in **Lantzy**, counsel's dereliction left "[a]ppellant without an ability to challenge his conviction and sentence by means of the direct appeal," and that "when counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal." **Id.** at 800.

In **Commonwealth v. Bennett**, 930 A.2d 1264 (Pa. 2006), our Supreme Court distinguished between situations in which "counsel has narrowed the ambit of appellate review by the claims he has raised or

foregone," versus those "in which counsel failed to file an appeal at all," with the second category amounting to *per se* ineffectiveness. ***Id.*** at 1273. Additionally, the Court stated, "the failure to file a requested direct appeal or a [Rule] 1925(b) statement in support thereof is the functional equivalent of having no counsel at all." ***Id.***

Most recently, in ***Commonwealth v. Parrish***, 224 A.3d 682 (Pa. 2020), our Supreme Court found that a Rule 1925(b) statement filed by PCRA counsel amounted to ineffectiveness *per se* because it was "so vague as to render all of the appellant's claims waived for purposes of th[e] appeal." ***Id.*** at 684. In that case, the Court discussed the purpose of Rule 1925 and then analyzed the Rule 1925(b) statement in issue as follows:

> [A] litigant appealing from the denial of PCRA relief is required to strictly comply with the provisions of Rule 1925(b), or his or her appellate issues are deemed to be waived. Rule 1925(b)(4)(ii) directs that "[t]he [s]tatement shall concisely identify each error that the appellant intends to assert *with sufficient detail to identify the issue to be raised for the judge*." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). As the comment to Rule 1925(b) further elaborates:
>
> > The more carefully the appellant frames the [s]tatement, the more likely it will be that the judge will be able to articulate the rationale underlying the decision and provide a basis for counsel to determine the advisability of raising that issue on appeal. Thus, counsel should begin the winnowing process when preparing the [s]tatement and *should articulate specific errors with which the appellant takes issue and why*.
>
> Pa.R.A.P. 1925(b), comment (emphasis added).
>
> The statement filed by PCRA counsel [] did not identify any specific legal error committed by the PCRA court in its rulings on the multifarious claims of trial counsel ineffectiveness presented

- 11 -

> in the amended PCRA petitions, nor did it even identify *which* of those rulings were being challenged on appeal. Rather, it generically and capaciously encompassed every conceivable claim of ineffective assistance of trial counsel contained in the amended PCRA petitions. As such, it forced the PCRA court to guess which of its rulings were being challenged. Accordingly, waiver of all appellate issues is mandated by Pa.R.A.P. 1925(b)(4)(vii), which provides that "[i]ssues . . . not raised in accordance with the provisions of this paragraph (b)(4) are waived." Pa.R.A.P. 1925(b)(4)(vii).

*Id.* at 700 (emphasis in original). The Court concluded that whenever counsel "takes *any* action that wholly deprives his or her client of the right to appellate review of collateral claims, counsel will be deemed to be ineffective *per se*." *Id.* at 701 (emphasis in original).

Here, we find that it is of no moment that defendant's counsel in ***Parrish*** filed a vague Rule 1925(b) statement on collateral appeal rather than direct appeal, as in Geier's case. Rule 1925(b), and its underlying principles, govern both situations equally. Geier's counsel on direct appeal, like PCRA counsel in ***Parrish***, filed a Rule 1925(b) statement that was so vague as to render all claims on appeal waived. ***See Geier***, ***supra***. Geier's direct appeal Rule 1925(b) statement did not address the sufficiency of the one-thousand-seventy-three crimes of which Geier was convicted with *any specificity*. ***See Parrish***, ***supra*** at 700; ***see also*** Pa.R.A.P. 1925(b). Counsel's filing of a vague Rule 1925(b) statement "wholly deprived" Geier of his right to appellate review; thus, counsel's filing constitutes ineffective assistance of counsel *per se*. ***See Parrish***, ***supra*** at 701-02.

Accordingly, we must remand the case for reinstatement of Geier's direct appeal rights. ***See Halley***, ***supra*** at 801.

Order vacated. Case remanded for proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/21/2020